UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

BRIGITTE K. LU,
and other similarly-situated individuals,

    Plaintiff (s),

v.

INFANTINO MOTORS, INC.,
INFANTINO AUTO ELECTRIC INC.,
CLAUDIO H. INFANTINO
and VANESA N. GARCIA, individually

    Defendants,
_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff BRIGITTE K. LU, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants INFANTINO MOTORS, INC., INFANTINO AUTO ELECTRIC INC., CLAUDIO H. INFANTINO, and VANESA N. GARCIA, individually and alleges:

1. This is an action to recover money damages for unpaid regular and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff BRIGITTE K. LU is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendants INFANTINO MOTORS, INC., and INFANTINO AUTO ELECTRIC INC., are Florida corporations, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto Defendants were and are engaged in interstate commerce.

4. Pursuant to 29 U.S.C. § 203 (r)(1) and pursuant to 29 C.F.R. §791.2, Defendants INFANTINO MOTORS, INC., and INFANTINO AUTO ELECTRIC INC. are a joint enterprise, and joint employers of Plaintiff.

5. The individual Defendants CLAUDIO H. INFANTINO, and VANESA N. GARCIA were and are now, owners/partners and managers of Defendant Corporations INFANTINO MOTORS, INC., and INFANTINO AUTO ELECTRIC INC. These individual Defendants had control, directed operations of the corporations and they are Plaintiff's employers in the meaning of 29 U.S.C. § 203(d).

## ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after January, 2017 (the "material time") without being properly compensated.

7. Corporate Defendants INFANTINO MOTORS, INC., and INFANTINO AUTO ELECTRIC INC. are a used car dealer and an automotive repair and service business, respectively.

8. Pursuant to 29 U.S.C. § 203 (r)(1), Defendants INFANTINO MOTORS, INC., and INFANTINO AUTO ELECTRIC INC., were and are now, a joint enterprise because: 1) the two companies had the same or related business activities; 2) the two companies operate out of the same location; 3) the two companies shared facilities, equipment and supplies; 4) INFANTINO MOTORS, INC., and INFANTINO AUTO ELECTRIC INC., operated as a single unit, for a common business purpose; 5) Between INFANTINO MOTORS, INC., and INFANTINO AUTO ELECTRIC INC., existed unified operation and common control because individual Defendants CLAUDIO H. INFANTINO, and VANESA N. GARCIA controlled the day to day operations of the two companies, and they operated as a single unit for a common business purpose; 6) both corporations had interdependent financial interest. because each company operated the same related business.

9. Pursuant 29 C.F.R. §791.2, INFANTINO MOTORS, INC., and INFANTINO AUTO ELECTRIC INC., were joint employers because: 1) INFANTINO MOTORS, INC., and INFANTINO AUTO ELECTRIC INC. through its owners/partners/managers CLAUDIO H. INFANTINO, and VANESA N. GARCIA had equal and absolute control over the Plaintiff and other employees similarly situated; 2) CLAUDIO H. INFANTINO, and VANESA N. GARCIA assigned duties to Plaintiff and other employees similarly situated; 3) INFANTINO MOTORS, INC., and INFANTINO AUTO ELECTRIC INC., through their managers, jointly and equally determined terms and employment conditions of Plaintiff and other employees similarly situated; 4) The work of Plaintiff's simultaneously benefited the two corporations. 5) The work performed by Plaintiff and other similarly situated individuals were an integral part of

the business operation of INFANTINO MOTORS, INC., and INFANTINO AUTO ELECTRIC INC.,

10. Therefore, because the work performed by Plaintiff and other similarly-situated individuals, simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants INFANTINO MOTORS, INC., and INFANTINO AUTO ELECTRIC INC., are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2.

11. Defendants INFANTINO MOTORS, INC., and INFANTINO AUTO ELECTRIC INC., hereinafter will be called collectively INFANTINO MOTORS or corporate Defendant.

12. Defendants INFANTINO MOTORS employed Plaintiff BRIGITTE K. LU as non-exempt employee, from approximately January 10, 2017 through May 26, 2017, or 39 weeks. Plaintiff was hired to work as a receptionist and clerk with a wage rate of $12.50 an hour.

13. While employed by Defendants, Plaintiff worked more than 40 hours every week period. Plaintiff had a regular schedule of 6 days of work per week. Plaintiff worked from Mondays to Fridays from approximately 8:00 PM to 6:00 PM (10 hours daily each day); and on Saturdays, Plaintiff worked from 8:00 AM to 4:00 PM (8 hours). Plaintiff worked a minimum of 58 hours every week. Plaintiff did not take any bona fide lunch break.

14. Plaintiff was paid for 40 regular hours, or $500.00 weekly, strictly in cash, without paystubs providing basic information about the total working hours per workweek, wage rate, employment taxes deducted etc.

15. Plaintiff worked 58 hours every week. However, Plaintiff was not paid for overtime hours. Plaintiff was paid just for 40 hours every week.

16. Therefore, Defendants failed to pay Plaintiff for overtime hours at the rate of time and a half her regular rate as provided by the Fair Labor Standards Act (FLSA).

17. Defendants did not use any time-keeping method. Plaintiff did not punch in and out, and she did not have access to check total number of hours worked.

18. Plaintiff was in disagreement with her paycheck and complained about the missing overtime payment, to the owners of the business, many times. Defendants did not correct the problem.

19. As a result, Plaintiff resigned from her position on or about May 26, 2017.

20. Plaintiff BRIGITTE K. LU intends to recover unpaid overtime wages, liquidated damages, and any other relief as allowable by law.

21. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1) FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

22. Plaintiff BRIGITTE K. LU re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

23. This action is brought by Plaintiff and those similarly-situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as

liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

24. Defendants INFANTINO MOTORS, INC., and INFANTINO AUTO ELECTRIC INC., are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2.

25. Defendants INFANTINO MOTORS, INC., and INFANTINO AUTO ELECTRIC INC., hereinafter will be called collectively INFANTINO MOTORS or corporate Defendant.

26. The Employer INFANTINO MOTORS, at all times pertinent to this Complaint, was engaged in interstate commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). The Defendant is a used car dealer and automotive repair and service business. Defendant have more than two employees engaged in interstate commerce. Defendant through and through the business activity, affects interstate commerce. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of

$500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements. Therefore, there is FLSA enterprise coverage.

27. The Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was a receptionist and office clerk employee and through her daily activities she regularly, handled, or otherwise worked on goods and/or materials that have been moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

28. Defendants INFANTINO MOTORS employed Plaintiff BRIGITTE K. LU as non-exempt employee, from approximately January 10, 2017 through May 26, 2017, or 39 weeks. Plaintiff was hired to work as a receptionist and clerk with a wage rate of $12.50 an hour. Plaintiff overtime rate should be $18.75 an hour.

29. While employed by Defendants, Plaintiff worked a minimum of 58 hours every week. Plaintiff did not take any bona fide lunch break.

30. Plaintiff was paid for 40 regular hours, or $500.00 weekly, strictly in cash, without paystubs providing basic information about the total working hours per workweek, wage rate, employment taxes deducted etc.

31. Plaintiff worked 58 hours every week. However, Plaintiff was not paid for overtime hours. Plaintiff was paid just for 40 hours every week.

32. Therefore, Defendants failed to pay Plaintiff for overtime hours at the rate of time and a half her regular rate as provided by the Fair Labor Standards Act (FLSA).

33. Defendants did not use any time-keeping method. Plaintiff did not punch in and out, and he did not have access to check total number of hours worked.

34. The records, if any, concerning the number of hours actually worked by Plaintiff BRIGITTE K. LU, and all other similarly- situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

35. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

36. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

a. <u>Total amount of alleged unpaid wages</u>:

Six Thousand Four Hundred Twelve Dollars and 50/100 ($6,412.50)

b. <u>Calculation of such wages</u>:

    Total weeks of employment: 19 weeks
Total hours worked: 58 hours weekly
Total Overtime hours: 18 hours weekly
Regular rate: $12.50 an hour x 1.5=$18.75 O/T rate

$18.75 O/T rate x 18 O/T hours=$337.50 weekly
$337.50 weekly x 19 weeks = $6,412.50

c. <u>Nature of wages (e.g. overtime or straight time)</u>:

       This amount represents the unpaid overtime.

37. At all times material hereto, the Employers/Defendants INFANTINO MOTORS failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the

Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

38. Defendant INFANTINO MOTORS knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

39. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

40. At the times mentioned, individual Defendants CLAUDIO H. INFANTINO, and VANESA N. GARCIA were and are now owners/partners and managers of Defendant Corporation INFANTINO MOTORS. Defendants CLAUDIO H. INFANTINO, and VANESA N. GARCIA were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of INFANTINO MOTORS in relation to their employees, including Plaintiff and others

similarly situated. Defendants CLAUDIO H. INFANTINO, and VANESA N. GARCIA had financial and operational control of the business, provided Plaintiff with her work schedule, and they are jointly liable for Plaintiff's damages.

41. Defendants INFANTINO MOTORS, CLAUDIO H. INFANTINO, and VANESA N. GARCIA willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

42. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BRIGITTE K. LU and those similarly-situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff BRIGITTE K. LU and other similarly-situated and against the Defendants INFANTINO MOTORS, INC., CLAUDIO H. INFANTINO, and VANESA N. GARCIA on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid half-time overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or

available pursuant to Federal Law.

## JURY DEMAND

Plaintiff BRIGITTE K. LU and those similarly-situated demand trial by jury of all issues triable as of right by jury.

Dated: This 31st day of May 2017.

Respectfully submitted,

By: /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*